**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANGELIC BRADLEY, *individually and on behalf of all others similarly situated*
4820 Wyalusing Avenue, Apartment C
Philadelphia, PA 19131

Plaintiff,

v.

THE GREATER PHILADELPHIA URBAN AFFAIRS COALITION
1207 Chestnut Street, Suite 700
Philadelphia, PA 19107

Defendant.

Civil Action No.: ________________

**JURY TRIAL DEMANDED**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Angelic Bradley ("Plaintiff") hereby brings this action against Defendant The Greater Philadelphia Urban Affairs Coalition ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this complaint contending that Defendant unlawfully failed to pay her and other similarly-situated individuals in the positions of Juvenile Advocate, Assistant Coordinator, and/or Crisis Intervention ("Class Plaintiffs") overtime compensation pursuant to the requirement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff was an employee of Defendant who was employed in the positions of Juvenile Advocate, Assistant Coordinator, and Crisis Intervention during her tenure of employment. During the course of their employment, Plaintiff and, upon information and belief, Class Plaintiffs regularly work/worked more than forty (40) hours per week, but were not

properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendant unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked. Accordingly, Plaintiff contends that Plaintiff and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

3. Plaintiff brings this action as a representative under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

**JURISDICITON AND VENUE**

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims as those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7. The venue in this district is proper pursuant to 28 U.S.C. §1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8. Plaintiff Angelic Bradley is a citizen of the United States and Pennsylvania and currently resides at 4820 Wyalusing Avenue, Apartment C, Philadelphia, PA 19131.

9. Defendant The Greater Philadelphia Urban Affairs Coalition is a non-profit business duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of State of 1207 Chestnut Street, Suite 700, Philadelphia, PA 19107.

10. Defendant is a "private employer" and covered by the FLSA.

11. Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

12. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

15. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the positions of Juvenile Advocate, Administrative Coordinator, and/or Crisis

Intervention, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were misclassified as exempt, worked over forty (40) hours in a workweek, and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs"). Plaintiff contends that Plaintiff and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of: (a) misclassifying their Juvenile Advocates, Administrative Coordinators, and/or Crisis Intervention employees as "exempt" under the FLSA; and/or (b) failing to accurately track and compensate Plaintiff and Class Plaintiffs for all hours worked.

16. Plaintiff estimates that there are in excess of seventy (70) other similarly situated Juvenile Advocates, Administrative Coordinators, and/or Crisis Intervention employees who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

17. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs are/were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendant's misclassification of them as "exempt" employees under the FLSA and/or failure to accurately track and compensate them for all hours worked, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices,

which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked overt forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

18. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by defendant, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

19. Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the positions of Juvenile Advocate, Administrative Coordinator, and/or Crisis Intervention, or in positions with substantially similar job duties who were unlawfully classified as "exempt" and paid on a salary basis, and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

21. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

22. Pursuant to the Federal Rule of Civil Procedure 23 (a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A. Whether Plaintiff and Class Plaintiffs are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B. Whether Defendant improperly classified Plaintiff and Class Plaintiffs as employees exempt from overtime compensation under the PMWA;

C. Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and Class Plaintiffs; and

D. Whether Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week.

23. Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

24. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

25. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B. Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C. The common question of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with

respect to consideration of consistency, economy, efficiency, fairness an equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

26. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated person to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interest.

## FACTUAL BACKGROUND

27. Paragraphs 1 through 26 are hereby incorporated by reference as though the same were fully set forth at length herein.

28. On or about September 1, 2016, Defendant hired Plaintiff into the position of Juvenile Advocate.

29. In her capacity as a Juvenile Advocate, Plaintiff was required to meet and consult with young individuals on probation.

30. While working as a Juvenile Advocate, Plaintiff routinely worked in excess of forty (40) hours per week. In fact, Plaintiff routinely worked approximately fifty (50) hours per workweek.

31. Despite working in excess of forty (40) hours in a workweek, Plaintiff was not compensated at 1.5 times her regular rate of pay for the approximately ten (10) hours worked in excess of forty (40) in a workweek.

32. On or about June 25, 2018, Defendant transferred Plaintiff into the position of Crisis Intervention.

33. In her capacity as a Crisis Intervention worker, Plaintiff routinely worked fifty (50) to sixty (60) hours per workweek. Plaintiff provided services including, but were not limited to, patrolling surrounding hot spots in designated areas, attend roll call with the 16th, 12th, 12th, and 18th police districts, and conduct follow-ups on shooting victims and their families. Additionally, Plaintiff provided resources to assist with and/or stabilize housing, childcare, victim services, mental health treatment, drug and alcohol treatment, and general support to those seeking help. At the end of each night, Plaintiff would complete a sector and incident report, which is submitted to her coordinator for review and approval.

34. Despite working in excess of forty (40) hours, Plaintiff did not receive overtime compensation at 1.5 times her regular rate of pay for the approximately ten (10) to twenty (20) hours of work performed in excess of forty (40) hours in a workweek.

35. Additionally, Defendant regularly directed Plaintiff to attend meetings for which Plaintiff was not scheduled and did not receive compensation.

36. During her tenure as a Crisis Intervention worker, Plaintiff complained about not being compensated for attending meetings on her days off. By way of response, Defendant informed Plaintiff that "because you are paid on a salary, you need to go beyond normal hours to get the job done."

37. Then, on or about July 27, 2019, Defendant transferred Plaintiff into the position of Administrative Coordinator.

38. In her capacity as Administrative Coordinator, Plaintiff routinely worked approximately sixty (60) hours per workweek.

39. Despite working in excess of forty (40) hours per week, Plaintiff did not receive overtime compensation at 1.5 times her regular rate of pay for the twenty (20) hours of work performed over forty (40) in a workweek.

40. As an Administrative Coordinator, Plaintiff was required to edit reports and submit the reports to management for finalization, send weekly correspondence reports, send fleet reports, and ensure all vehicle keys were accounted for.

41. At all times relevant hereto, Plaintiff was compensated on a salary basis.

42. During her tenure, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

43. From September 1, 2019 to October 4, 2019, Plaintiff was not paid overtime compensation at a rate of 1.5 times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

44. By way of example, during the week of August 16, 2019, Plaintiff worked sixty (60) hours, but did not receive any overtime compensation for the twenty (20) hours of overtime she worked that workweek.

**Facts Pertaining to Plaintiff's Collective/Class Claims for Unpaid Overtime Compensation**

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46. In their capacities as Juvenile Advocates, Plaintiff and Class Plaintiffs provided counseling services to youth individuals on probation.

47. In their capacities as Crisis Intervention workers, Plaintiff and Class Plaintiffs provide and/or provided services including, but were not limited to, patrolling surrounding hot spots in designated areas, attend roll call with the 16th, 12th, 12th, and 18th police districts, and conduct follow-ups on shooting victims and their families. Additionally, Plaintiff provided resources to assist with and/or stabilize housing, childcare, victim services, mental health treatment, drug and alcohol treatment, and general support to those seeking help. At the end of each night, Plaintiff would complete a sector and incident report, which is submitted to her coordinator for review and edit.

48. In their capacities as Administrative Coordinators, Plaintiff and Class Plaintiffs provide and/or provided services that including, but not limited to, attending captain's meetings, go on patrol with teams to ensure they are completing their rounds and conduct follow ups on victims and their families, complete sector check-ins with the teams. Additionally, Plaintiff acted as a liaison between police and the community by introducing the Crisis Team. Plaintiff completed weekly reports from each team containing follow ups, incident reports, special assignments, and fleet reports for company vehicles. Moreover, Plaintiff maintained call out lists, and leave requests and/or request forms. Plaintiff also trained every new Crisis Intervention worker hired by Defendant. When the coordinator was unavailable, Plaintiff filled the administrative duties of the coordinator, in the event the coordinator was not available.

49. Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendant, who instructs Plaintiff and Class Plaintiffs where and when to report to work.

50. Defendant maintains similar control over the manner by which Plaintiff and Class Plaintiffs perform their duties as Juvenile Advocates, Administrative Coordinators, and/or Crisis Intervention employees, in that Defendant is responsible for assigning duties, clients, and work to Plaintiff and Class Plaintiffs and determining the schedule and length of work.

51. Plaintiff and Class Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines and protocols provided by Defendant.

52. Plaintiff and Class Plaintiffs also receive performance evaluations from Defendant, along with performance feedback, and discipline for failing to perform in accordance with Defendant's expectations.

53. Defendant's Juvenile Advocates, Administrative Coordinators, and/or Crisis Intervention employees are/were compensated on a salary basis for work deemed by Defendant to be compensable during their scheduled shifts.

54. During a typical workweek, Plaintiff, and upon information and belief, Class Plaintiffs, typically worked, on average, approximately fifty-five (55) to sixty (60) hours per workweek.

55. Defendant paid Plaintiff, and upon information and belief, Class Plaintiffs, on a salary basis for all hours worked.

56. Defendant unlawfully misclassified Plaintiff and Class Plaintiffs working as Juvenile Advocates, Administrative Coordinators, and/or Crisis Intervention workers as "exempt" employees, thus determining that they were not entitled to overtime compensation under the FLSA and PMWA.

57. Defendant failed to pay Plaintiff and Class Plaintiffs working as Juvenile Advocates, Administrative Coordinators, and/or Crisis Intervention workers any overtime compensation for the hours worked over forty (40) in a workweek.

58. Upon information and belief, Defendant continues to deny Class Plaintiffs wages and overtime compensation for compensable work performed.

59. Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

60. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

61. In violations of the FLSA and PMWA, Defendant failed to track, record, and report all the hours worked by Plaintiff.

62. Plaintiff and Class Plaintiffs are/were non-exempt within the meaning of the FLSA/PMWA.

63. Plaintiff and Class Plaintiffs do/did not qualify for the exemption for executive employees under the FLSA/PMWA. Plaintiff and Class Plaintiffs do/did not have the authority to hire, fire, or discipline other employees of Defendant, nor do/did they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

64. Accordingly, Plaintiff and Class Plaintiffs do/did not qualify for the exemption for executive employees under the FLSA/PMWA.

65. Plaintiff and Class Plaintiffs do/did not qualify for the exemption for administrative employees under the FLSA/PMWA. Plaintiff and Class Plaintiffs primary duties do/did not include the performance of work directly related to Defendant's management or

general business operations, nor do/did they exercise discretion or independent judgment regarding matters of significance to Defendant. Plaintiff and, upon information and belief, Class Plaintiffs performed such work involving routine mental and/or manual work, which did not involve the exercise of discretion and independent judgment with respect to matters of significance.

66. Accordingly, Plaintiff and Class Plaintiffs do/did not qualify for the administrative exemption under the FLSA/PMWA.

67. Plaintiff and Class Plaintiffs do/did not qualify for the exemption for learned professionals under the FLSA/PMWA. Plaintiff and Class Plaintiffs did/do not perform work requiring advance knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff and, upon information and belief, Class Plaintiffs job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

68. Accordingly, Plaintiff and Class Plaintiffs do/did not qualify for the learned professional exemption under the FLSA/PMWA.

69. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

70. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

71. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

72. Paragraphs 1 through 71 are hereby incorporated by reference as though the same were fully set forth at length herein.

73. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

74. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times their employee's regular rate of pay, for all hours worked in excess of forty (40) hours per workweek.

75. Defendant misclassified Plaintiff and Class Plaintiffs as "exempt" from overtime compensation under the FLSA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

76. Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

77. As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

78. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

79. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

80. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the positions of Juvenile Advocate, Administrative Coordinator, or Crisis Intervention worker or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on a salary basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, the nature of the action, and their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring the Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLNVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

81. Paragraphs 1 through 80 are hereby incorporated by reference as though the same were fully set forth at length herein.

82. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

83. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

84. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

85. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof; and

C. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Michael Murphy, Esq.
Edmund C. Celiesius, Esq.
Eight Penn Center, Suite 2000
John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 12-11-19

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff and Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.