**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELIC BRADLEY, *individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>THE GREATER PHILADELPHIA URBAN AFFAIRS COALITION<br><br>Defendant. | CIVIL ACTION NO.: 19-cv-05845 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant the Urban Affairs Coalition/Philadelphia Anti-Violence Anti-Drug Network (incorrectly named "The Greater Philadelphia Urban Affairs Coalition") (hereinafter "Defendant"), through its undersigned counsel, hereby files this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.  INTRODUCTION**

Plaintiff Angelic Bradley individually and on behalf of all others similarly situated has filed suit against her former employer alleging she was not paid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.100, *et seq.* Plaintiff's Complaint fails to adequately plead that Defendant is subject to the FLSA, and thus required to pay Plaintiff overtime wages. In particular, Defendant is exempt from the requirements of the FLSA because it is a 501(c)(3) non-profit organization and is not an "enterprise" engaged in commerce as that term is defined in 29 U.S.C. § 203(r).  Moreover, Plaintiff did not engage in commerce while employed by Defendant.

Because Plaintiff's Complaint does not allege any fact to the contrary, Plaintiff's FLSA claim and parallel PMWA claim fail as a matter of law.

## II. PROCEDURAL HISTORY/ FACTUAL BACKGROUND[1]

### A. PROCEDURAL HISTORY

Plaintiff filed the instant Complaint against Defendant on December 12, 2019 in the United States District Court for the Eastern District of Pennsylvania. Plaintiff's claims arise out of her work with Defendant as a Juvenile Advocate, Administrative Coordinator, and Crisis Intervention worker. Specifically, Plaintiff alleges Defendant failed to pay Plaintiff overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.100, *et seq.* (Count II). On March 3, 2020, Defendant waived service, and on March 30, 2020, the Parties stipulated that the time within which Defendant could answer or otherwise respond to Plaintiff's Complaint was extended to May 13, 2020.

### B. FACTUAL BACKGROUND

Defendant[2] is a "private employer" and "Pennsylvania non-profit… organized and existing under the laws of the Commonwealth of Pennsylvania." (Compl. ¶¶9-10.) On or about September 1, 2016, Defendant hired Plaintiff as a Juvenile Advocate. (Compl. ¶28.) Plaintiff alleges that as a Juvenile Advocate, she met and consulted with young individuals on probation, and routinely worked approximately fifty (50) hours per workweek. (Compl. ¶¶29-30.) However, Plaintiff claims she was not compensated for the "ten (10) hours worked in excess of forty (40) [sic] in a workweek." (Compl. ¶31.)

---

[1] Defendant assumes, for purposes of this Motion only, that the facts alleged in Plaintiff's Complaint are true and accurate.

[2] Defendant is a fiscal sponsor of more than eighty partner organizations working on diverse issues immediately affecting Philadelphia's communities including, but not limited to gun-violence, drug addiction, and poverty. See Urban Affairs Coalition, http://www.uac.org/about-us (last visited May 7, 2020).

On or about June 25, 2018, Defendant transferred Plaintiff to the Crisis Intervention position. (Compl. ¶32.) As a Crisis Intervention worker, Plaintiff claims she worked fifty (50) to sixty (60) hours per workweek, but did not receive overtime compensation at 1.5 times her regular rate of pay for the "hours worked in excess of forty (40)[sic] in a workweek." (Compl. ¶¶33-34.) According to Plaintiff, her job duties included, but were not limited to, "patrolling surrounding hot spots in designated areas, attend [sic] roll call with the 16th, 12th, 12th [sic], and 18th police districts, and conduct [sic] follow-ups on shooting victims and their families." (Compl. ¶33.) Plaintiff also alleges she "provided resources to assist with and/or stabilize housing, childcare, victim services, mental health treatment, drug and alcohol treatment, and general support to those seeking help." Id.

On or about July 27, 2019, Defendant transferred Plaintiff to the Administrative Coordinator position. (Compl. ¶37.) As an Administrative Coordinator, Plaintiff claims she routinely worked "sixty (60) hours per workweek," but "she did not receive overtime…" (Compl. ¶¶38-39.) Plaintiff alleges that as an Administrative Coordinator, she was required to "edit reports and submit the reports to management for finalization, send weekly correspondence reports, send fleet reports, and ensure all vehicle keys were accounted for." (Compl. ¶40.) According to Plaintiff, during the week of August 16, 2019, she "worked sixty (60) hours, but did not receive any overtime compensation for the twenty (20) hours of overtime she worked that workweek." (Compl. ¶44.) Plaintiff also claims that from September 1, 2019 to October 4, 2019, she was "not paid overtime at a rate of 1.5 times her regular rate of pay for the hours worked in excess of forty (40) [sic] in a workweek." (Compl. ¶43.)

## III.  LEGAL ARGUMENT

### A.  STANDARD OF REVIEW

A complaint may survive a motion to dismiss under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit held that "a complaint must do more than allege the plaintiff's entitlement to relief"; it must "show such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). The facts alleged "must be enough to raise a right to relief above the speculative level[.]'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

## IV.  PLAINTIFF'S COMPLAINT FAILS TO PLEAD FLSA COVERAGE.

Plaintiff's FLSA claim fails as a matter of law because Plaintiff does not adequately plead that Defendant is subject to the FLSA, and thus required to pay plaintiff overtime wages. A claim under the FLSA cannot proceed without a showing that either the employee's or the employer's activities fall within the purview of the FLSA. Razak v. Uber Techs, Inc. No. 16-573, 2016 U.S.

Dist. LEXIS 139668, at *14 (E.D. Pa. October 7, 2016). The FLSA protects only those employees who are (1) employed by an enterprise engaged in commerce or in the production of goods for commerce (so-called "enterprise coverage") or (2) themselves engaged in commerce or in the production of goods for commerce (so-called "individual coverage"). 29 U.S.C. § 203(s); Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290 (1985).

The FLSA defines "enterprise" as "the related activities performed ... by any person or persons for a *common business purpose*." See 29 U.S.C. § 203(r)(1) (emphasis added). In the Third Circuit, to be considered an "enterprise," a business must satisfy the following three elements: (1) it must be engaged in related activities, (2) under unified operation or common control, and (3) have a common business purpose. Reich v. Gateway Press, Inc., 13 F.3d 685 (3d Cir. 1994).

To determine whether a business is an "enterprise" under the FLSA, District Courts generally apply the enterprise coverage test. See Katz v. DNC Servs. Corp., 2018 U.S. Dist. LEXIS 17002, *18 (E.D. Pa. February 1, 2018)(applying the enterprise coverage test and concluding the plaintiff failed to plead sufficient facts to demonstrate defendant non-profit functioned as an enterprise under the FLSA); Walker v. Interfaith Nutrition Network, Inc., 2015 U.S. Dist. LEXIS 91418, *6 (E.D.N.Y. July 14, 2015)(same). Under the enterprise coverage test, a business must satisfy two criteria to be subject to the FLSA. First, the enterprise must have at least two employees that are (a) directly engaged in commerce, (b) in the production of goods for commerce, or (c) handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce. See 29 U.S.C. §203(s)(1)(A)(i). Second, the enterprise's annual gross volume of sales made or business done must be greater or equal to $500,000. Id.; Genarie v. PRD Mgmt., 2006 U.S. Dist. LEXIS 9705, *21 (D.N.J. February 17, 2006).

5

### A.     PLAINTIFF'S COMPLAINT FAILS TO PLEAD FLSA ENTERPRISE COVERAGE.

Noticeably absent from Plaintiff's Complaint are any allegations that Defendant is an enterprise, let alone an "enterprise engaged in commerce." (Compl. ¶¶1-85.) Plaintiff's Complaint also lacks any words or facts attributed to Defendant related to *commerce* or *gross volume sales*. The only allegations Plaintiff pleads related to Defendant's business are that it is a "private employer… covered by the FLSA" and "a non-profit business duly organized…under the laws of the Commonwealth of Pennsylvania…" (Compl. ¶¶9-10.) Neither fact establishes enterprise coverage under the FLSA. Moreover, Plaintiff's allegation that Defendant is a "private employer…covered by the FLSA" is not a fact, but a legal conclusion which the Court is not bound to accept as true at the motion to dismiss stage. (Compl. ¶10.); Twombly, 550 U.S. at 570.

### B.     PLAINTIFF'S COMPLAINT DOES NOT ALLEGE INDIVIDUAL COVERAGE.

Plaintiff cannot establish that she is subject to individual coverage because her Complaint concedes that she is not engaged in interstate commerce. (Compl. ¶¶29-40.) "Individual coverage" can attach to employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). To demonstrate individual coverage eligibility, the employees "must be directly participating in the actual movement of persons or things in interstate commerce." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).

An employee is "engaged in commerce" if they do work that regularly uses the channels of commerce, including employees who regularly use the interstate mail or telephone while performing other work. See Mitchell v. E.G. Shinner & Co., 221 F.2d 260 (7th Cir. 1955) (employees who performed payroll accounting and purchasing duties at headquarters of meat market with branches in four states were engaged in commerce under the FLSA); Preston v. Settle

Down Enter., Inc., 90 F. Supp. 2d 1267, 1274-75 (D. Ga. 2000) (employees who performed billing duties for company based in Georgia but had employees in Texas were "engaged in commerce").

Here, by Plaintiff's own admission, none of her job duties involved interstate commerce. As a Juvenile Advocate, she met and consulted with young Philadelphia individuals on probation. (Compl. ¶29.) As a Crisis Intervention Worker, she patrolled hotspots within the Philadelphia area, conducted follow-ups on shooting victims, and provided referrals to individuals needing housing, childcare, mental health treatment, and victim services. (Compl. ¶33.) Finally, as an Administrative Coordinator, Plaintiff edited and sent correspondence and fleet reports to management. (Compl. ¶40.) As pled, none of these allegations involves interstate commerce. Thus, Plaintiff's Complaint fails to establish individual coverage.

### C. PLAINTIFF'S FLSA CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW.

District Courts across the country have routinely dismissed similar FLSA claims against non-profits at the motion to dismiss stage. Katz, 2018 U.S. Dist. LEXIS at *16-20 (granting defendant's motion to dismiss plaintiff's FLSA claims where plaintiff failed to plead individual or enterprise coverage);Walker, 2015 U.S. Dist. LEXIS at *6 (E.D.N.Y. July 14, 2015)(same); Malloy v. Ass'n of State & Terr. Solid Waste Mgmt. Officials, 955 F. Supp. 2d 50 (D.D.C. 2013)(dismissing plaintiff's FLSA claim at the motion to dismiss stage where plaintiff's allegations failed to create a reasonable inference that defendant non-profit operated with a business purpose); Kim v. Ctr. for Seniors, No. 18 C 7660, 2019 U.S. Dist. LEXIS 178410 (N.D. Ill. Oct. 15, 2019)(dismissing plaintiff's complaint against defendant non-profit where plaintiff failed to plead FLSA coverage). Because Plaintiff's Complaint fails to plead Defendant is subject to the FLSA, Plaintiff's FLSA claim should be dismissed as a matter of law.

## V. PLAINTIFF'S PARALLEL PMWA CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW.

Due to the similarities between the PMWA and the FLSA, Pennsylvania courts analyze overtime and minimum wage violations of the PMWA and the FLSA using the same standard. See e.g., Bedolla v. Brandolini, No. 18-146, 2018 U.S. Dist. LEXIS 83815, at *10 (E.D. Pa. May 18, 2018) (analyzing claims of minimum wage and overtime violations of FLSA and PMWA under the same standard on a motion to dismiss); Razak, 2016 U.S. Dist. LEXIS 139668, at *23 (same). Here, Plaintiff alleges overtime violations of the FLSA and PWMA. (Compl. ¶¶72-85.) However, because Plaintiff's Complaint fails to plead FLSA liability as discussed above, Plaintiff's Complaint also fails to plead PMWA liability. Id. Therefore, Plaintiff's PMWA claim should also be dismissed as a matter of law. Bedolla, 2018 U.S. Dist. LEXIS 83815, at *10; Razak, 2016 U.S. Dist. LEXIS 139668, at *23.

## VI. CONCLUSION

Plaintiff utterly failed to plead any fact supporting the necessary elements required to establish that Defendant is subject to the FLSA. Nor can she, as Defendant is a non-profit organization that is not subject to the FLSA. For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Stephanie J. Peet*
Stephanie Peet (PA #91744)
Malcolm J. Ingram (PA #323201)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802 / F: (215) 399-2249
stephanie.peet@jacksonlewis.com
malcolm.ingram@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

4826-6235-1804, v. 1

8