## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANGELIC BRADLEY, on behalf of herself and of all others similarly situated, Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **URBAN AFFAIRS COALITION, Defendant.** | **NO. 19-5845** |

## O R D E R

**AND NOW**, this 3rd day of June, 2021, upon consideration of defendant Urban Affairs Coalition's Motion for Summary Judgment (Document No. 26, filed October 4, 2020), plaintiff Angelic Bradley's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Document No. 27, filed October 18, 2020), and Defendant's Reply Brief in Further Support of Its Motion for Summary Judgment (Document No. 30, filed October 26, 2020), **IT IS ORDERED** that defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. That part of defendant's motion which seeks summary judgment on plaintiff's claim under the Fair Labor Standards Act ("FLSA") is **GRANTED** by agreement of the parties;

2. By reason of the granting of defendant's Motion for Summary Judgment on plaintiff's claim under the FLSA, plaintiff's Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b) (Document No. 22, filed June 30, 2020) is **DENIED AS MOOT**;

3. Plaintiff asserted only one federal claim in the Amended Complaint—the FLSA claim. The remaining claim in the Amended Complaint is a state claim under the Pennsylvania

Minimum Wage Act ("PMWA"). The Court **DECLINES** to exercise supplemental jurisdiction over plaintiff's claim under the PMWA pursuant to 28 U.S.C. § 1367;

4. Defendant's Motion for Summary Judgment with respect to the PMWA claim is **DISMISSED WITHOUT PREJUDICE AND WITHOUT CONSIDERATION**; and

5. The Clerk of the Court shall **MARK** this case **CLOSED**.

The decision of the Court is based on the following:

## I. BACKGROUND

### A. Factual Background

Defendant is a non-profit organization, which "serves as the fiscal sponsor" for the Philadelphia Anti-Drug Anti-Violence Network ("PAAN")." Def.'s Statement of Material Facts ¶ 2. "PAAN is dedicated to addressing drug abuse and violence among Philadelphia's youth and their families." *Id*. ¶ 7. Plaintiff was employed by PAAN from August 31, 2016, through October 4, 2019. *Id*. ¶¶ 13–22. While employed by PAAN, plaintiff held a number of positions, including Youth Violence Reduction Partner Street Worker and Community Crisis Intervention Program Advocate. *Id*. ¶¶ 13, 15. Plaintiff alleges that, while employed by PAAN, she was improperly denied overtime compensation. *Id*. ¶ 23.

### B. Procedural Background

On May 26, 2020, plaintiff filed an Amended Complaint, on behalf of herself and all other similarly situated individuals, alleging that defendant's failure to pay overtime compensation violated the FLSA and PMWA. The Amended Complaint states that the Court has original jurisdiction over the FLSA claim pursuant to, *inter alia*, 28 U.S.C. § 1331 and supplemental jurisdiction over the PMWA claim pursuant to 28 U.S.C. § 1367. Am. Compl. ¶ 6.

It is undisputed that there is no diversity of citizenship under 28 U.S.C. § 1332 and no other basis of federal jurisdiction in this case.

On June 30, 2020, plaintiff filed a Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b) ("Motion for Conditional Certification"). Defendant has not filed a response to that motion.

On July 16, 2020, the Court held a preliminary pretrial telephone conference, in which the parties discussed whether defendant is subject to the FLSA or PMWA. Following the conference, the Court issued an Order dated July 21, 2020 (Document No. 25), directing that (1) the parties shall "exchange limited discovery" for a period of sixty days "solely regarding whether Defendant is subject to the FLSA and PMWA," (2) "following the close of this sixty (60) day discovery period, Defendant [shall] file an appropriate motion on or before October 4, 2020," and (3) "[u]ntil further notice, Defendant need not file a response to Plaintiff's [] Motion for Conditional Certification."

On October 4, 2020, defendant filed a Motion for Summary Judgment, arguing that "Plaintiff cannot establish that Defendant is subject to the FLSA or PMWA." Mot. at 1. On October 18, 2020, plaintiff filed her response, in which she (1) "concedes that Defendant is not subject to . . . the FLSA," and (2) contends that "the Court should decline to exercise supplemental jurisdiction" over the PMWA claim. Pl.'s Resp. at 2. Defendant filed a reply on October 26, 2020. The motion is thus ripe for decision.

## II.    DISCUSSION

As discussed *supra*, plaintiff does not oppose dismissal of her FLSA claim. Therefore, by agreement of the parties, the Court grants that part of defendant's motion which seeks dismissal of plaintiff's FLSA claim. In light of the Court's dismissal of the FLSA claim, the

Court must decide whether to exercise supplemental jurisdiction over the only remaining claim in this case—plaintiff's state law claim under the PMWA.

Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction over a claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Third Circuit has directed that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quotation omitted) (emphasis in original).

There is no affirmative justification for the exercise of supplemental jurisdiction in this case. The only federal claim, the FLSA claim, has been dismissed at an early stage in the litigation, the Court has not decided any motions on the merits, and—in its July 21, 2020 Order—it addressed only one discovery issue. *See Rogers v. Montgomery Cty.*, No. 19-4921, 2021 WL 1853530, at *2 (E.D. Pa. May 10, 2021) (declining to exercise supplemental jurisdiction where the court had only "resolved two substantive motions and a single discovery dispute"). Further, there has been no expert discovery, pre-trial memoranda have not been filed, and a trial date has not been set. The Court thus declines to exercise supplemental jurisdiction over plaintiff's state law claim under the PMWA. Defendant's Motion for Summary Judgment with respect to the PMWA claim is dismissed without prejudice and without consideration.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment is granted in part and denied in part. That part of defendant's motion which seeks summary judgment on

plaintiff's FLSA claim is granted by agreement of the parties.  By reason of the granting of

defendant's Motion for Summary Judgment on plaintiff's claim under the FLSA, plaintiff's

Motion for Conditional Certification is denied as moot.  The Court declines to exercise

supplemental jurisdiction over plaintiff's state law claim under the PMWA.  Defendant's Motion

for Summary Judgment with respect to the PMWA claim is dismissed without prejudice and

without consideration.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

_____

**DuBOIS, JAN E., J.**
